UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHNSONVILLE, LLC,

            **Plaintiff,**

      v.                                        Case No. 25-CV-833

SERVICE DRIVEN TRANSPORT, INC., et. al.

            **Defendant.**

---

**ORDER**

---

**1. Procedural History**

    Plaintiff Johnsonville, LLC sued defendants Service Driven Transport, Inc., ABC Insurance Company, and DEF Insurance Company (fictitiously designated insurance companies) in state court for breach of contract, violation of the Carmack Amendment, and negligence. (ECF No. 1-1 at 3–12.) The defendants removed this case to federal court under 28 U.S.C. § 1331 and 1332(a). (ECF No. 1.)

    On May 25, 2025, Service Driven Transport moved to dismiss Johnsonville's Carmack Amendment and negligence claims under Rule 12(b)(6). (ECF No. 10.) All parties have consented to the full jurisdiction of a magistrate judge and the matter is ready for resolution. (ECF Nos. 8, 11.)

## 2. Background

Johnsonville is a "producer of high-quality sausages and other meat-based products." (ECF No. 1-1, ¶ 1.) Service Driven Transport is an authorized broker for property transportation. (*Id*., ¶ 2.)

On September 5, 2018, the parties entered into a Broker Transportation Agreement in which Service Driven Transport agreed to assist Johnsonville coordinate product transportation across the United States. (ECF No. 1-1, ¶ 7.) The Broker Transportation Agreement identifies Service Driven Transport as a broker and authorizes it to hire motor carriers to transport Johnsonville's products. (*Id*. at 14.)

The Broker Transportation Agreement provides that the motor carrier Service Driven Transport hires is responsible for all freight loss and assumes liability as a motor carrier under 49 U.S.C. § 14706. (ECF No. 1-1, ¶ 8.)[1] Service Driven Transport is only liable for freight loss if a carrier it hired is found legally liable and fails, or its insurer fails, to pay the claim. (*Id*.)

On May 16, 2023, Service Driven Transport hired US Freight as a motor carrier to transport Johnsonville's product from Michigan to Wisconsin. (ECF No. 1-1, ¶¶ 10, 11.) US Freight used its own trailer for this shipment. (*Id*., ¶ 17.) Upon arrival in Wisconsin,

---

[1] Paragraph citations correspond to the paragraphs in the complaint and not to the Broker Transportation Agreement that was attached to the complaint.

Johnsonville found snails on the product and inside US Freight's trailer, resulting in $77,148.06 in product loss. (*Id.*, ¶¶ 19–26.)

3. **Motion to Dismiss**

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (quoting *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)). A complaint does not need to include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (referencing *Twombly*, 550 U.S. at 556).

In ruling on a 12(b)(6) motion to dismiss, the court "accept[s] all well-pleaded facts as true and draw[s] all reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). However, the court need not accept as true any legal assertions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

4. **Analysis**

Service Driven Transport argues that the Carmack Amendment, 49 U.S.C. § 14706, applies only to motor carriers and freight forwarders, and because Johnsonville's

complaint does not allege that Service Driven Transport acted as either, its claim under the Carmack Amendment should be dismissed. (ECF No. 10-1 at 1–2.)

Service Driven Transport also contends that the Federal Aviation Administration Authorization Act (FAAAA), 49 U.S.C. § 14501, preempts state negligence claims related to broker rates, routes, and services, warranting the dismissal of Johnsonville's negligence claim. (ECF No. 10-1 at 1–2.) Alternatively, it asserts that dismissal of the negligence claim is proper because Johnsonville does not allege that Service Driven Transport had a duty separate from the Broker Transportation Agreement. (*Id*. at 2.)

In response, Johnsonville argues that it sufficiently alleged a violation of the Carmack Amendment because the Amendment applies to third-party brokers and any carrier that provides transportation or service. (ECF No. 15 at 4–6.) Johnsonville further asserts that Service Driven Transport is liable under the Carmack Amendment because it assumed all liability of its hired motor carriers. (*Id*. at 10.)

As for its negligence claim, Johnsonville contends the claim is not preempted by the FAAAA because Johnsonville does not allege that Service Driven Transport was negligent in hiring US Freight and because the FAAAA's safety exception applies. (ECF No. 15 at 11–12.) Johnsonville also argues that breaching a contractual duty can support a negligence claim, so it does not need to allege that Service Driven Transport had a duty outside the Broker Transportation Agreement. (*Id*. at 14.)

### 4.1. Liability Under the Carmack Amendment

The Carmack Amendment imposes liability on "motor carriers" and "freight forwarders" for the non-delivery of goods. 49 U.S.C. §§ 14706, 13102(3) and (8). To state a claim under the Carmack Amendment, a plaintiff must plausibly allege the defendant acted as a motor carrier or freight forwarder. *See, e.g.*, *Chemsource, Inc. v. Hub Group*, 106 F.3d 1358 (7th Cir. 1997); *Mach Mold Inc. v. Clover Assocs.*, 383 F. Supp. 2d 1015, 1029 (N.D. Ill. 2005) (holding that, for the Carmack Amendment to apply, "the cargo must have been shipped by a 'carrier' or 'freight forwarder'").

A motor carrier is defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(12).[2] A broker is "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2). Brokers do not provide actual transportation of property, and the Carmack Amendment does not apply to persons who do not provide actual transportation of property. *Non Typical Inc. v. Transglobal Logistics Group Inc.*, No. 10-C-1058, 2011 U.S. Dist. LEXIS 50597, at *6, 2011 WL 1792927, at *2 (E.D. Wis. May 10, 2011).

---

[2] Because Johnsonville only argues that Service Driven Transport acted as a motor carrier, the court does not address the definition of "freight forwarder" under 49 U.S.C. § 13102(8). (ECF No. 15 at 11–14.)

"Whether a company is a broker or a carrier[] is not determined by how it labels itself, but by how it holds itself out to the world and its relationship to the shipper." *Lumbermens Mut. Cas. Co. v. GES Exposition Servs., Inc.*, 303 F. Supp. 2d 920, 921 (N.D. Ill. 2003). "One crucial distinction between a carrier and broker is the legal responsibilities taken on by the party." *Mason & Dixon Lines, Inc. v. Walters Metal Fabrication, Inc.*, No. 13-cv-1262, 2014 U.S. Dist. LEXIS 129285, at *9, 2014 WL 4627715, at *3 (S.D. Ill. Sept. 16, 2014).

Johnsonville's complaint does not allege that Service Driven Transport is or acted as a motor carrier when it arranged for US Freight to transport Johnsonville's product. Instead, Johnsonville refers to US Freight as the "carrier" retained by Service Driven Transport to transport its product. (ECF No. 1-1, ¶ 10.) Johnsonville's allegations limit Service Driven Transport's role in this transaction to merely hiring US Freight as the carrier. (*Id.*, ¶ 11.) *See Mason & Dixon Lines, Inc.*, 2014 U.S. Dist. LEXIS 129285, at *9 (holding that a company is a broker if it "simply arrange[s] for [the] transportation of [] goods … ); *see also Non Typical Inc.*, 2011 U.S. Dist. LEXIS 50597, at *6 (stating that plaintiff did not assert a claim under the Carmack Amendment because the plaintiff did not allege that the defendant was a "freight forwarder" or that it ever provided any transportation services).

Nor does Johnsonville allege that Service Driven Transport agreed to assume motor carrier liability. *See Land O'Lakes, Inc. v. Superior Serv. Transp. of Wis., Inc.*, 500 F.

Supp. 2d 1150, 1152 (E.D. Wis. 2007) (upholding plaintiff's claim under the Carmack Amendment because the defendant assumed the liability of an interstate motor common carrier under 49 U.S.C. § 14706). The Broker Transportation Agreement states that Service Driven Transport's "designated carriers will assume the liability the same as that of an interstate contract motor carrier, as provided in 49 U.S.C. § 14706 …." (ECF No. 1-1 at 18).

Nor does Johnsonville allege that Service Driven Transport is a licensed motor carrier or that it contracted to be one—distinguishing this case from those where courts have upheld claims under the Carmack Amendment. *See Land O'Lakes, Inc.*, 500 F. Supp. 2d at 1152; *Mach Mold Inc*, 383 F. Supp. 2d at 1029.

Because Johnsonville did not allege that Service Driven Transport acted as a motor carrier or freight forwarder, the court will dismiss its claim under the Carmack Amendment.

### 4.2. Federal Preemption

The Federal Aviation Administration Authorization Act of 1994 (FAAAA) preempts state laws related to the "price, routes, or services of any motor carrier … broker, or freight forwarder" in property transportation but does not restrict "the safety regulatory authority of a State with respect to motor vehicles …." 49 U.S.C. § 14501(c), (c)(2)(A).

The Seventh Circuit Court of Appeals interprets FAAAA preemption broadly. *See Ye v. GlobalTranz Enters.*, 74 F.4th 453, 458 (7th Cir. 2023) (holding that "in the preemption

context, the Supreme Court understands 'related to' or 'relating to' as having a 'broad preemptive purpose'"); *see also Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992). In *Ye*, the Seventh Circuit held that the FAAAA preempts negligent hiring claims against freight brokers. The court reasoned that Congress intended for the FAAAA to preempt state laws that significantly impact the price, cost, and regulation of trucking and interstate transportation. *Ye*, 74 F.4th at 458 (citing *Nationwide Freight Sys. v. Ill. Commerce Comm'n*, 784 F.3d 367, 373–74 (7th Cir. 2015); *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1432 (7th Cir. 1996)).

Under *Ye*, a negligence claim is preempted if it would have a "significant economic effect" on broker services. *Ye*, 74 F.4th at 458; *Tischauser v. Donnelly Transp., Inc.*, No. 20-C-1291, 2023 U.S. Dist. 215815, at *10, 2023 WL 8436321, at *3 (E.D. Wis. Dec. 4, 2023) (noting that "*Ye* essentially held that state tort law governing negligence actions against brokers is preempted by the FAAAA because those laws significantly impact the price and cost, as well as the regulation, of interstate trucking and interstate transportation"). Accordingly, negligence claims which would impose a new duty of care on brokers (beyond that set forth in the parties' contract) or change how they conduct their services are preempted. *See Ye*, 74 F.4th at 459.

Johnsonville alleges that Service Driven Transport "failed to exercise reasonable care" to ensure US Freight's trailer was free from contamination. (ECF No. 1-1, ¶ 52.) However, Service Driven Transport's only alleged role was that it hired US Freight as the

motor carrier. (*Id.*, ¶ 10.) Thus, Johnsonville's negligence claim "challenges the adequacy of care [Service Driven Transport] took – or failed to take – in hiring [US Freight] to provide shipping services." *Ye*, 74 F.4th at 459; *Non Typical, Inc. v. Transglobal Logistics Group Inc.*, No. 10-C-1058, 2012 U.S. Dist. LEXIS 73452, at *11, 2012 WL 1910076, at *3 (E.D. Wis. May 24, 2012) (holding that the FAAAA preempted the plaintiff's negligence claim because allowing it would impact the way brokers provide transportation services). Although in opposing the current motion Johnsonville says it does not allege that Service Driven Transport was negligent in hiring US Freight, absent any allegation that Service Driven Transport did anything *other than* hire US Freight, Johnsonville essentially alleges that Service Driven Transport was negligent in hiring U.S. Freight. Such a claim is preempted by the FAAAA. *See Ye*, 74 F.4th at 459.

Johnsonville contends that the FAAAA's safety exception saves its negligence claim because Wisconsin has a transportation safety law related to poultry. (ECF No. 15 at 12–13.) However, the safety exception is limited to laws with respect to motor vehicles and does not cover negligence claims against brokers or broker services. *Ye*, 74 F.4th at 461 (holding that "a common law negligence claim enforced against a broker is not a law that is 'with respect to motor vehicles'" and falls outside the safety exception). Because Johnsonville has not alleged that Service Driven Transport acted as more than a broker, the safety exception does not apply.

Accordingly, Johnsonville's negligence claim against Service Driven Transport is preempted by the FAAAA and dismissed.

**4.3. Failure to State a Claim Under Wisconsin Law**

Even if Johnsonville's negligence claim was not preempted by the FAAAA, the court agrees with Service Driven Transport's alternate argument that Johnsonville's negligence claim should be dismissed because Johnsonville does not allege Service Driven Transport owed a duty outside of the Broker Transportation Agreement. (ECF No. 10 at 10–11.)

In Wisconsin, "a party's deficient performance of a contract does not give rise to a tort claim." *Atkinson v. Everbrite, Inc.*, 224 Wis. 2d 724, 729 (Ct. App. 1999). "There must be a duty existing independently of the performance of the contract for a cause of action in tort to exist." *Landwehr v. Citizens Trust Co.*, 329 N.W.2d 411, 414 (Wis. 1983); *see also Madison Newspapers, Inc. v. Pinkerton's Inc.*, 545 N.W.2d 843, 846 (Wis. Ct. App. 1996) (holding that "the negligent performance of a duty created by contract … cannot, without more, create a separate cause of action [in tort]").

Johnsonville alleges Service Driven Transport failed to exercise reasonable care to ensure US Freight's trailer was clean for transportation. (ECF No. 1-1, ¶ 52). However, that duty arises from the Broker Transportation Agreement, which states that Service Driven Transport "shall require each Carrier to maintain all transportation equipment used in providing services to Shipper in a first class condition, clean, odor free, dry, leaf

proof and free of contamination and infestation ...." (*Id.* at 16.) Because Johnsonville's complaint does not allege negligence based on a duty independent of the Broker Transportation Agreement, its negligence claim is also subject to dismissal on this ground. *See, e.g.*, *Non Typical, Inc.*, 2012 U.S. Dist. LEXIS 73452, at *11 (holding that "if a plaintiff cannot prove the existence of an independent duty, his remedy is limited to suing for breach of contract").

5. **Leave to Amend Under Rule 15(a)(2)**

Johnsonville requests leave to amend its complaint under Rule 15 of the Federal Rules of Civil Procedure in the event the court concludes the complaint fails to state a claim under the Carmack Amendment and/or fails to state a negligence claim. (ECF No. 15 at 15.) Rule 15(a)(2) instructs courts to freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). Generally, "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion*, 786 F.3d at 519.

Johnsonville's request for leave to file an amended complaint is granted.

**IT IS THEREFORE ORDERED** that the defendant's Service Driven Transport, Inc.'s motion to dismiss (ECF No. 10) is **GRANTED**. The plaintiff may file an amended complaint no later than 14 days after the date of this order.

Dated at Milwaukee, Wisconsin this 24th day of September, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge